IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GILLETTE COMPANY, BRAUN GMBH, and GILLETTE COMMERCIAL OPERATIONS NORTH AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>SKYVISION INC., DANE ROBINSON and WATERPIK TECHNOLOGIES, INC.<br><br>Defendants. | Case No. 04-CV-12391 NMG<br><br>RECEIPT # _____<br>AMOUNT $ _____<br>SUMMONS ISSUED _____<br>LOCAL RULE 4.1 _____<br>WAIVER FORM _____<br>MCF ISSUED _____<br>BY DPTY. CLK. _____<br>DATE _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

### (Jury Trial Demanded)

Plaintiffs The Gillette Company, Braun GmbH, and Gillette Commercial Operations North America (collectively "Gillette") bring this action to obtain a declaratory judgment that Gillette's manufacture, use, sale, offer for sale and importation of its Oral-B® Hummingbird™ Power Flosser and Pick, and Floss and Pick Attachments (collectively "Hummingbird") and Oral-B® ProfessionalCare™ 8000 Series, e.g., models 8850 and 8860, with an Interdental Cleaner (Pick) Attachment (collectively "ProfessionalCare 8000") do not infringe any valid claim of United States Patent Nos. 5,573,020, 5,787,908 and 5,944,033 (the "Patents-in-Suit"). This action is filed pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of resolving an actual and justiciable controversy between Gillette and Defendants.

### Parties

1. The Gillette Company is a corporation organized under the laws of the state of Delaware with its principal place of business at Prudential Tower Building, Boston,

1

Massachusetts 02199. Gillette sells the Hummingbird and ProfessionalCare 8000 in the United States.

2. Braun GmbH ("Braun") is a corporation organized under the laws of Germany with its principal place of business at Frankfurter Str. 145, 61476 Kronberg, Germany. Braun was formerly known as Braun Aktiengesellschaft. Braun is a wholly owned subsidiary of The Gillette Company and is involved in manufacturing the Hummingbird and ProfessionalCare 8000 outside of the United States.

3. Gillette Commercial Operations North America ("Gillette Partnership") is a Massachusetts General Partnership. Gillette Partnership sells the Hummingbird and ProfessionalCare 8000 within the United States. The Gillette Company is the majority partner of the Gillette Partnership.

4. On information and belief, Skyvision Inc. ("Skyvision") is a corporation organized under the laws of the state of Arizona with its principal place of business at 2103 East Southern Avenue, Tempe, Arizona 85282.

5. On information and belief, Dana Q. Robinson ("Robinson") is an individual residing and/or having a business at 2103 East Southern Avenue, Tempe, Arizona 85282. Robinson is the President of Skyvision.

6. On information and belief, Waterpik Technologies, Inc. ("Waterpik") is a corporation organized under the laws of the state of California with its principal place of business at 23 Corporate Plaza, Suite 246, Newport Beach, California 92660.

**Jurisdiction and Venue**

7. Gillette brings this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to obtain a judicial declaration that the Patents-in-Suit, purportedly owned by

Robinson and/or Skyvision, have not been infringed by Gillette or its customers and are invalid. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and is based upon an actual and justiciable controversy between the parties with respect to the infringement and validity of the Patents-in-Suit.

8. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. Diversity of citizenship also exists under 28 U.S.C. § 1332, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

9. Venue is proper before this court pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b) because the claims involve federal questions of patent law and Defendants are subject to personal jurisdiction in this district.

10. On July 10, 1997, Robinson and Skyvision entered into an agreement with Braun Aktiengesellschaft and Braun, Inc. The agreement granted Braun an exclusive field of use license in United States Patent No. 5,573,020, which is one of the Patents-in-Suit. The agreement, which both Robinson and Skyvision signed, expressly states that the license agreement shall be governed by the internal laws of the Commonwealth of Massachusetts. Robinson and Skyvision have availed themselves of the benefits of the laws and courts of Massachusetts.

11. As described in greater detail herein, Robinson and Skyvision have repeatedly and on numerous occasions conducted their business of licensing the Patents-in-Suit with Gillette individuals located in Massachusetts.

12. On information and belief, Waterpik regularly conducts business in Massachusetts. Waterpik's products are widely sold in stores throughout Massachusetts, generating substantial revenue.

3

13. The defendants are subject to specific and/or general jurisdiction in this Court.

**Defendants' Claims Against Gillette**

14. In March 2004, Gillette introduced the Oral-B® Hummingbird™ Power Flosser and Pick, and Floss and Pick Attachments. The Hummingbird is a battery-powered device for cleaning between teeth. The Hummingbird may be used with either a Floss or Pick Attachment.

15. In April 2004, Gillette introduced the Oral-B® ProfessionalCare™ 8000 Series, e.g., models 8850 and 8860, with an Interdental Cleaner (Pick) Attachment. The ProfessionalCare 8000 is a power toothbrush that may be used with an Interdental Cleaner (Pick) Attachment.

16. Defendants have asserted that Gillette's Hummingbird with the Pick Attachment and ProfessionalCare 8000 with the Interdental Cleaner (Pick) Attachment infringe the Patents-in-Suit. The Patents-in-Suit are:

    a. United States Patent No. 5,573,020 ("the '020 Patent"), which issued on November 12, 1996, and is entitled "Dental flossing device and method therefor." A copy of the '020 Patent is attached as Exhibit A.

    b. United States Patent No. 5,787,908 ("the '908 Patent"), which issued on August 4, 1998, and is entitled "Dental flossing apparatus." A copy of the '908 Patent is attached as Exhibit B.

    c. United States Patent No. 5,944,033 ("the '033 Patent"), which issued on August 31, 1999, and is entitled "Dental flossing device and method therefore." A copy of the '033 Patent is attached as Exhibit C.

17. On information and belief, Robinson and/or Skyvision own the Patents-in-Suit.

18. On information and belief, Robinson and/or Skyvision entered into an agreement with Waterpik that grants Waterpik licensing rights in the Patents-in-Suit. Waterpik has represented to Gillette that Waterpik owns rights in the Patents-in-Suit, entitling Waterpik to monetary compensation for Gillette's alleged infringement.

19. Between August and November 2004, Defendants have repeatedly asserted that Gillette's Hummingbird and ProfessionalCare 8000 infringe the Patents-in-Suit.

20. Defendants have contacted Gillette in Boston numerous times between August and November 2004 to discuss Defendants' infringement allegations.

21. During telephone conferences in August, September and October 2004, Robinson alleged that Gillette's Hummingbird and ProfessionalCare 8000 infringe the '020 patent.

22. Waterpik has asserted that Gillette's Hummingbird and ProfessionalCare 8000 are covered under Waterpik's license agreement with Robinson and Skyvision, and has demanded license fees from Gillette for the alleged infringement.

23. In October 2004, Waterpik alleged during a telephone conference that Gillette's Hummingbird and ProfessionalCare 8000 infringe the '020 patent and indicated that Waterpik was considering filing a lawsuit against Gillette.

24. In November 2004, Waterpik alleged that Gillette's Hummingbird also infringes the '908 and '033 patents.

25. Robinson, Skyvision and Waterpik have individually and in concert made actual charges that Gillette infringes the Patents-in-Suit.

26. Gillette denies that the Hummingbird and ProfessionalCare 8000 have infringed or are infringing the Patents-in-Suit. Gillette further denies that it owes any license fees to Robinson, Skyvision and/or Waterpik. Accordingly, there exists an actual and justiciable

controversy between Gillette and Defendants concerning infringement and validity of the Patents-in-Suit.

27.     In sum, Defendants' conduct has caused Gillette reasonably and legitimately to fear that Defendants will bring infringement actions under the Patents-in-Suit against the Hummingbird and ProfessionalCare 8000.

## Count I

### (Declaratory Judgment Regarding the '020 Patent)

28.     Gillette incorporates by reference and realleges Paragraphs 1 through 27 of this Complaint.

29.     The manufacture, use, sale, offer to sell, and/or importation of Gillette's Hummingbird, ProfessionalCare 8000 and attachments do not infringe and have not infringed any claim of the '020 Patent. In addition, the manufacture, use, sale, offer to sell, and/or importation of Gillette's Hummingbird, ProfessionalCare 8000 and attachments do not contribute to or induce the infringement of any claim of the '020 Patent; nor has Gillette ever contributed to or induced the infringement of any such claim. Gillette, its customers, and all others have the right to manufacture, have made, use, sell, offer to sell, and import Gillette's Hummingbird, ProfessionalCare 8000 and attachments unhampered and unrestricted by Defendants.

30.     The claims of the '020 Patent are invalid for failure to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, Sections 101 et seq., including without limitation Sections 102, 103 and/or 112.

31.     There is an actual and justiciable controversy between Gillette and Defendants over the validity and infringement of the '020 Patent.

## Count II

### (Declaratory Judgment Regarding the '908 Patent)

32.     Gillette incorporates by reference and realleges Paragraphs 1 through 30 of this Complaint.

33.     The manufacture, use, sale, offer to sell, and/or importation of Gillette's Hummingbird, ProfessionalCare 8000 and attachments do not infringe and have not infringed any claim of the '908 Patent. In addition, the manufacture, use, sale, offer to sell, and/or importation of Gillette's Hummingbird, ProfessionalCare 8000 and attachments do not contribute to or induce the infringement of any claim of the '908 Patent; nor has Gillette ever contributed to or induced the infringement of any such claim. Gillette, its customers, and all others have the right to manufacture, have made, use, sell, offer to sell, and import Gillette's Hummingbird, ProfessionalCare 8000 and attachments unhampered and unrestricted by Defendants.

34.     The claims of the '908 Patent are invalid for failure to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, Sections 101 et seq., including without limitation Sections 102, 103 and/or 112.

35.     There is an actual and justiciable controversy between Gillette and Defendants over the validity and infringement of the '908 Patent.

## Count III

### (Declaratory Judgment Regarding the '033 Patent)

36.     Gillette incorporates by reference and realleges Paragraphs 1 through 34 of this Complaint.

7

37.  The manufacture, use, sale, offer to sell, and/or importation of Gillette's Hummingbird, ProfessionalCare 8000 and attachments do not infringe and have not infringed any claim of the '033 Patent. In addition, the manufacture, use, sale, offer to sell, and/or importation of Gillette's Hummingbird, ProfessionalCare 8000 and attachments do not contribute to or induce the infringement of any claim of the '033 Patent; nor has Gillette ever contributed to or induced the infringement of any such claim. Gillette, its customers, and all others have the right to manufacture, have made, use, sell, offer to sell, and import Gillette's Hummingbird, ProfessionalCare 8000 and attachments unhampered and unrestricted by Defendants.

38.  The claims of the '033 Patent are invalid for failure to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, Sections 101 et seq., including without limitation Sections 102, 103 and/or 112.

39.  There is an actual and justiciable controversy between Gillette and Defendants over the validity and infringement of the '033 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Gillette asks this Court to enter judgment in Gillette's favor against Defendants granting the following relief:

A.  A declaration that neither Gillette nor its products infringes or has infringed any of the claims of the Patents-in-Suit under any subsection of 35 U.S.C. § 271;

B.  A declaration that the claims of the Patents-in-Suit are invalid under 35 U.S.C. §§ 102, 103, and/or 112;

C.  A declaration that Gillette's Hummingbird, ProfessionalCare 8000 and attachments are not covered by Waterpik's license with Robinson;

8

D.    An order enjoining Defendants and their respective officers, partners, employees, agents, parents, subsidiaries, and affiliates from suing or threatening to sue for infringement of any of the Patents-in-Suit on the basis of the making, using, selling, offering for sale or importing of any Gillette products; and

E.    Any such other and further relief, including an award of Gillette's costs of suit and attorneys' fees to the extent permitted by law, that this Court deems just and proper.

### JURY DEMAND

Gillette hereby demands a trial by jury for all issues so triable.

Dated: November 12, 2004        FISH & RICHARDSON P.C.

By: _____
Alan D. Smith, (BBO# 629,034)
Craig R. Smith, (BBO# 636,723)
Thomas A. Brown (BBO# 657,715)
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110
(617) 542-5070 Telephone
(617) 542-8906 Facsimile

Attorneys for Plaintiffs
THE GILLETTE COMPANY,
BRAUN GMBH, and GILLETTE
COMMERCIAL OPERATIONS NORTH
AMERICA

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
THE GILLETTE COMPANY, BRAUN GMBH, and
GILLETTE COMMERCIAL OPERATIONS NORTH AMERICA

**DEFENDANTS**
SKYVISION INC., DANE ROBINSON and
WATERPIK TECHNOLOGIES, INC.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
(617) 542-5070

Attorneys (If Known)

04 12391 NMG

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury-- Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury -- Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☒ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS Third Party 26 USC 7609 |
| | | ☐ 555 Prison Condition | | ☐ 890 Other Statutory Actions |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 2201 Declaratory judgment concerning patent infringement and validity

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: November 12, 2004
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) The Gillette Company v. Skyvision Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ____ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
              * Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ____ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ____ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ____ V.    150, 152, 153.

   **04  12391 NMG**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)). _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☒
   OR IN THE WESTERN DIVISION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)?(SEE LOCAL RULE 40.1(D)).
   YES ☐   NO ☐

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN DIVISIONS OF THE DISTRICT?
   YES ☐   NO ☒
   (a) IF YES, IN WHICH DIVISION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH DIVISION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Boston Municipal Court Dept.

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL DIVISION; YES ☐  NO ☐     OR WESTERN DIVISION;  YES ☐   NO ☐

11. ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR ADR? IF SO, BY WHICH ADR?
    EARLY NEUTRAL EVALUATION ☐   MEDIATION ☐   SUMMARY JURY/BENCH TRIAL ☐
    MINI-TRIAL ☐                 OTHER ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Alan D. Smith
ADDRESS          Fish & Richardson P.C.
                 225 Franklin Street
                 Boston, MA  02110-2804
TELEPHONE NO.    (617) 542-5070

(Category Form.wpd - 3/28/2000)