UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THE GILLETTE COMPANY, BRAUN GMBH,
and GILLETTE COMMERCIAL OPERATIONS
NORTH AMERICA,

                Plaintiffs,

    v.

SKYVISION INC., DANE ROBINSON and
WATER PIK TECHNOLOGIES, INC.,

                Defendants.

CIVIL ACTION NO. 04 12391 NMG

---

**DECLARATION OF CRAIG R. SMITH IN SUPPORT OF PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE**

---

I, Craig R. Smith, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1.      I am an attorney at Fish & Richardson P.C., counsel for plaintiffs (collectively "Gillette"). If called to testify as a witness, I could and would competently testify to the facts set forth below, as I know each to be true based on my personal knowledge or upon my review of the files and records related to this matter.

2.      On February 1, 2005, I served two sets of discovery requests on counsel for Defendants: Plaintiffs' Special Jurisdictional Discovery To Defendant Water Pik Technologies, Inc., and Plaintiffs' Special Jurisdictional Discovery To Defendants SkyVision, Inc. and Dane Robinson. True and correct copies of these discovery requests are attached as Exhibits A and B. These discovery requests included interrogatories and requests for the production of documents relating to jurisdiction. I requested that Defendants respond to these requests within 14 days.

3.      On February 18, 2005, Defendants served their responses.  A true and correct copy is attached as Exhibit C.  In their responses, Defendants objected to all requests for documents evidencing contacts with the Commonwealth of Massachusetts.  No responsive documents were produced other than the license agreement between Gillette and defendants Dane Robinson and SkyVision, Inc., and a CV for defendant Dane Robinson.  Defendants also objected to interrogatories requesting information relating to sales in Massachusetts and royalties from those sales.

4.      Attached as Exhibit D is a true and correct copy of a license agreement between Dane Robinson and SkyVision, Inc. and Teledyne Water Pik, a division of Teledyne Industries, Inc.

Dated:  February 28, 2005                           /s/ Craig R. Smith
                                                    Craig R. Smith

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GILLETTE COMPANY, BRAUN GMBH, and GILLETTE COMMERCIAL OPERATIONS NORTH AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>SKYVISION INC., DANE ROBINSON and WATER PIK TECHNOLOGIES, INC.,<br><br>Defendants. | CIVIL ACTION NO. 04 12391 NMG |

## PLAINTIFFS' SPECIAL JURISDICTIONAL DISCOVERY TO DEFENDANT WATER PIK TECHNOLOGIES, INC.

Plaintiffs, by and through their undersigned counsel, by agreement of the parties and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby serves the following interrogatories and requests for the production of documents upon defendant Water Pik Technologies, Inc.

By agreement of the parties, each discovery request herein is to be answered fully and in writing under oath within fourteen days of service of these requests. In answering, the defendant is requested to give full and complete answers based on personal knowledge, as well as the knowledge of any agents, employees, investigators, attorneys, or other persons who may have obtained information on defendant's behalf.

## DEFINITIONS

1. "You," "your," or "yours" means defendant Water Pik Technologies, Inc. and Water Pik, Inc. The terms include all predecessors, successors, subsidiaries, divisions, parents, and affiliates of defendant Water Pik Technologies, Inc., and any joint ventures or other legal entitles that are wholly or partially owned or controlled, directly or indirectly, by defendant Water Pik

Technologies, Inc. The terms also include all past or present directors, principals, officers, owners, employees, agents, representatives, consultants, attorneys and others acting for or on behalf of these entities.

2. "SkyVision" means defendant SkyVision Inc. The term includes all predecessors, successors, subsidiaries, divisions, parents, and affiliates of defendant SkyVision Inc. and any joint ventures or other legal entitles that are wholly or partially owned or controlled, directly or indirectly, by defendant SkyVision Inc.

3. "Robinson" means defendant Dane Robinson.

4. "Person" means any natural person or any business, legal, or governmental entity or association.

3. "Patents-in-suit" means U.S. Patent Nos. 5,573,020, 5,787,908 and 5,944,033.

4. "Document" is synonymous in meaning and equal in scope to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

5. "Identify" means, with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment. With respect to documents, "identify" means to give, to the extent known, (i) the type of document; (ii) the general subject matter; (iii) the date of the document; and (iv) author(s), addressee(s), and recipient(s). The term further includes additional information requested in the context in which the term is used.

6. "Relating to" includes, without limitation, referring to, describing, evidencing, constituting, embodying, containing, comprising, indicating, identifying, describing, discussing, involving, evidencing, or otherwise pertaining to the referenced subject.

7. "State" means to describe with specificity each and every fact, circumstance, incident, act, omission, event, date, and/or legal contention relating to the matters inquired of.

8. "License" refers to any assignment of rights with respect to any of the patents-in-suit, including, without limitation, assignments, exclusive licenses, exclusive licenses within a field of use, nonexclusive licenses, and settlement agreements.

9. "Licensee" refers to any individual receiving the benefit of a license, including, without limitation, exclusive licensees, nonexclusive licensees, and assignees.

10. "Customer" includes consumers as well as resellers, whether or not any consideration was provided in exchange for the product referenced.

## INSTRUCTIONS

1. Although these discovery requests are propounded by consent of the parties, they are to be construed in accordance with, and governed by, the Federal Rules of Civil Procedure.

2. These discovery requests are deemed to be continuing and must be supplemented as required by the Federal Rules of Civil Procedure during the pendency of this lawsuit. If, after responding to these requests, you obtain or become aware of any further information responsive to these requests, you are required to provide plaintiffs with such additional information.

3. If you object to any request as overly broad or unduly burdensome, respond to those portions of the request that are unobjectionable and specifically identify the respect in which the request is allegedly overly broad or unduly burdensome.

4. If you encounter any ambiguity in construing any request or instruction, set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

5. If a document referenced in an discovery request was but is no longer in your possession, custody or control, or is no longer in existence, state whether it (i) is missing or lost (ii) has been destroyed; (iii) has been transferred, voluntarily or involuntarily, to others; or (iv) has been otherwise disposed of. In each instance, please (i) explain the circumstances surrounding the nonavailability, destruction, or disposition thereof; (ii) state the date or approximate date thereof; (iii) state the name and title of the author(s), sender(s), and recipient(s) thereof; (iv) state the name(s) and address(es) of all persons having knowledge of the

nonavailability, destruction, or disposition thereof; (v) state the name(s) and address(es) of all persons responsible for the nonavailability, destruction or disposition thereof; and (vi) if applicable, state the name(s) and address(es) of all persons that now possess, have custody of, or control the document.

6. The definitions and instructions herein are for purposes of these discovery requests only, and do not constitute definitions for purposes of interpreting any licenses, patents, or other documents at issue in this matter.

### CLAIMS OF PRIVILEGE

If you assert a claim of privilege in objecting to these interrogatories, and an answer is not provided on the basis of such assertion,

(1) The attorney asserting the privilege shall identify the nature of the privilege (including, without limitation, the attorney work product doctrine) that is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

(2) The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(A) For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author(s) of the document, the addressee(s) of the document, and any other recipient(s) shown in the document; and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each other;

(B) For oral communications: (i) the name(s) of the person(s) making the communication, the name(s) of the person(s) present while the communication was made, and, where not apparent, the relationship of the person(s) present to the person(s) making the communication; (ii) the date and place of the communication; and (iii) the general subject matter of the communication.

4

(3) The information set forth in paragraphs (A) and (B) above shall be furnished in writing with the responses to the remaining interrogatories.

## INTERROGATORIES

### SPECIAL INTERROGATORY NO. 1

Identify each product you manufacture or distribute under a patent license from SkyVision or Robinson, or have manufactured or distributed under a license from SkyVision or Robinson since November 12, 1996. Include the name of each product, identify the patent by patent office and patent number, and state the nature of the license (e.g., exclusive within a particular field of use, nonexclusive, etc.).

### SPECIAL INTERROGATORY NO. 2

State the total revenue derived from the sale of each product identified in your response to Special Interrogatory No. 1 per year since November 12, 1996. Include the number of units sold as well as the total revenue. Include data pertaining to sales made in Massachusetts or to customers located, to the best of your knowledge, in Massachusetts, separately from overall sales data. If any sales were not reported to SkyVision or Robinson, identify those sales.

### SPECIAL INTERROGATORY NO. 3

State the total royalties paid to SkyVision or Robinson for each product identified in your response to Special Interrogatory No. 1, per year since November 12, 1996.  Include data pertaining to royalties paid to each of SkyVision or Robinson separately. Include data pertaining to royalties stemming from sales made in Massachusetts or to customers located, to the best of your knowledge, in Massachusetts separately from overall royalty data.

### SPECIAL INTERROGATORY NO. 4

For each product identified in your response to Special Interrogatory No. 1, describe every communication between you and SkyVision or Robinson related to business activities, including marketing and sales, in Massachusetts related to the identified  product since November 12, 1996.

**SPECIAL INTERROGATORY NO. 5**

For each product identified in your response to Special Interrogatory No. 1, describe in detail your business strategies, including marketing and sales strategies, as they relate to Massachusetts, for all time periods since November 12, 1996.

**SPECIAL INTERROGATORY NO. 6**

For each product identified in your response to Special Interrogatory No. 1, identify each retail location in Massachusetts where that product is or has been sold since November 12, 1996. Separately include any mail-order or Internet retailer who has shipped the identified product to a Massachusetts address since November 12, 1996.

**SPECIAL INTERROGATORY NO. 7**

Identify any interest in any of the patents-in-suit ever held by Teledyne Water Pik, Teledyne Industries, Inc., Water Pik Technologies, Inc., and Water Pik, Inc. Explain how, if at all, the interest was transferred, and to whom the interest was transferred.

## DOCUMENT REQUESTS

**SPECIAL REQUEST FOR PRODUCTION NO. 1**

All documents you consulted or relied upon in answering these Special Interrogatories.

**SPECIAL REQUEST FOR PRODUCTION NO. 2**

All documents that support your answers to the Special Interrogatories.

Dated:  February 1, 2005          /s/ Craig R. Smith
                                  Alan D. Smith (BBO# 629,034)
                                  Craig R. Smith (BBO# 636,723)
                                  Thomas A. Brown (BBO# 657,715)
                                  FISH & RICHARDSON P.C.
                                  225 Franklin Street
                                  Boston, MA  02110
                                  (617) 542-5070 Telephone
                                  (617) 542-8906 Facsimile

                                  Attorneys for Plaintiffs
                                  THE GILLETTE COMPANY, BRAUN
                                  GMBH, and GILLETTE COMMERCIAL
                                  OPERATIONS NORTH AMERICA


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by email on February 1, 2005.


                                  /s/ Craig R. Smith
                                  Craig R. Smith

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THE GILLETTE COMPANY, BRAUN GMBH,
and GILLETTE COMMERCIAL OPERATIONS
NORTH AMERICA,

               Plaintiffs,

     v.

SKYVISION INC., DANE ROBINSON and
WATER PIK TECHNOLOGIES, INC.,

               Defendants.

CIVIL ACTION NO. 04 12391 NMG

---

**PLAINTIFFS' SPECIAL JURISDICTIONAL DISCOVERY TO
DEFENDANTS SKYVISION, INC. AND DANE ROBINSON**

Plaintiffs, by and through their undersigned counsel, by agreement of the parties and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby serves the following special jurisdictional interrogatories and requests for the production of documents upon defendants SkyVision, Inc. and Dane Robinson.

By agreement of the parties, each discovery request herein is to be answered fully and in writing under oath within fourteen days of service of this discovery. In answering, the defendants are requested to give full and complete answers based on personal knowledge, as well as the knowledge of any agents, employees, investigators, attorneys, or other persons who may have obtained information on defendants' behalf.

Each defendant is requested to separately answer each request, unless the separate answers would be identical.

## **DEFINITIONS**

1. "You," "your," or "yours" means defendant SkyVision, Inc. and defendant Dane Robinson. The terms include all predecessors, successors, subsidiaries, divisions, parents, and affiliates of defendant SkyVision, Inc., and any joint ventures or other legal entitles that are

wholly or partially owned or controlled, directly or indirectly, by defendant SkyVision, Inc. or defendant Dane Robinson. The terms also include all past or present directors, principals, officers, owners, employees, agents, representatives, consultants, attorneys and others acting for or on behalf of these entities.

2. "Person" means any natural person or any business, legal, or governmental entity or association.

3. "Patents-in-suit" means U.S. Patent Nos. 5,573,020, 5,787,908 and 5,944,033.

4. "Document" is synonymous in meaning and equal in scope to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

5. "Identify" means, with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment. With respect to documents, "identify" means to give, to the extent known, (i) the type of document; (ii) the general subject matter; (iii) the date of the document; and (iv) author(s), addressee(s), and recipient(s). The term further includes additional information requested in the context in which the term is used.

6. "Relating to" includes, without limitation, referring to, describing, evidencing, constituting, embodying, containing, comprising, indicating, identifying, describing, discussing, involving, evidencing, or otherwise pertaining to the referenced subject.

7. "State" means to describe with specificity each and every fact, circumstance, incident, act, omission, event, date, and/or legal contention relating to the matters inquired of.

8. "License" refers to any assignment of rights with respect to any of the patents-in-suit, including, without limitation, assignments, exclusive licenses, exclusive licenses within a field of use, nonexclusive licenses, and settlement agreements.

9. "Licensee" refers to any individual receiving the benefit of a license, including, without limitation, exclusive licensees, nonexclusive licensees, and assignees.

10. "Customer" includes consumers as well as resellers, whether or not any consideration was provided in exchange for the product referenced.

## INSTRUCTIONS

1. Although this discovery is propounded by consent of the parties, it is to be construed in accordance with, and governed by, the Federal Rules of Civil Procedure.

2. These requests are deemed to be continuing and must be supplemented as required by the Federal Rules of Civil Procedure during the pendency of this lawsuit. If, after responding to these requests, you obtain or become aware of any further information responsive to these requests, you are required to provide plaintiffs with such additional information.

3. If you object to any request as overly broad or unduly burdensome, respond to those portions of the request that are unobjectionable and specifically identify the respect in which the request is allegedly overly broad or unduly burdensome.

4. If you encounter any ambiguity in construing any request or instruction, set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

5. If a document referenced in an interrogatory or a request for production was but is no longer in your possession, custody or control, or is no longer in existence, state whether it (i) is missing or lost (ii) has been destroyed; (iii) has been transferred, voluntarily or involuntarily, to others; or (iv) has been otherwise disposed of. In each instance, please (i) explain the circumstances surrounding the nonavailability, destruction, or disposition thereof; (ii) state the date or approximate date thereof; (iii) state the name and title of the author(s), sender(s), and recipient(s) thereof; (iv) state the name(s) and address(es) of all persons having knowledge of the nonavailability, destruction, or disposition thereof; (v) state the name(s) and address(es) of all persons responsible for the nonavailability, destruction or disposition thereof; and (vi) if applicable, state the name(s) and address(es) of all persons that now possess, have custody of, or control the document.

6. The definitions and instructions herein are for purposes of these discovery requests only, and do not constitute definitions for purposes of interpreting any licenses, patents, or other documents at issue in this matter.

## CLAIMS OF PRIVILEGE

If you assert a claim of privilege in objecting to these discovery requests, and an answer is not provided on the basis of such assertion,

(1) The attorney asserting the privilege shall identify the nature of the privilege (including, without limitation, the attorney work product doctrine) that is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

(2) The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(A) For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author(s) of the document, the addressee(s) of the document, and any other recipient(s) shown in the document; and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each other;

(B) For oral communications: (i) the name(s) of the person(s) making the communication, the name(s) of the person(s) present while the communication was made, and, where not apparent, the relationship of the person(s) present to the person(s) making the communication; (ii) the date and place of the communication; and (iii) the general subject matter of the communication.

(3) The information set forth in paragraphs (A) and (B) above shall be furnished in writing with the responses to the remaining interrogatories.

## INTERROGATORIES

## SPECIAL INTERROGATORY NO. 1

Identify each license of each of the patents-in-suit, whether or not the license remains in effect. Include the full name and address of the licensee, the starting and ending date, if any, of the license and the scope of the license. If the current licensee was not a party to the license agreement, describe the chain of title leading to the licensee's present interest.

## SPECIAL INTERROGATORY NO. 2

For each license identified in your response to Special Interrogatory No. 1, for each year during which the license was in effect, state the number of units sold, the total sales volume, and the royalty revenue you received. Include data for sales made, to the best of your knowledge, in Massachusetts or to a Massachusetts resident, separately from overall sales. State the royalty revenues both as absolute dollar amounts and as percentages of your total revenue from all sources.

## SPECIAL INTERROGATORY NO. 3

For each licensed product identified in your response to Special Interrogatory No. 1, identify any communication related to business activities, including marketing and sales, in Massachusetts related to the identified product since November 12, 1996.

## SPECIAL INTERROGATORY NO. 4

Identify all agreements and business negotiations between you and a resident of Massachusetts, a business entity whose primary place of business is in Massachusetts, or a business entity that exists by virtue of the laws of the Commonwealth of Massachusetts. Include the names and addresses of the other party or parties to the agreement, the nature of the agreement, the date of the agreement, and the start and end dates, if any, of the agreement. Include oral as well as written agreements.

**SPECIAL INTERROGATORY NO. 5**

Identify any civil action in which you were a party or witness, or for which you received a subpoena, since November 12, 1996. Include the court, the names of the parties, and the docket number.

**SPECIAL INTERROGATORY NO. 6**

Identify each occasion on which you have traveled to Massachusetts since November 12, 1996. State the dates of the trip, including the length of stay, and the purpose of the visit.

**SPECIAL INTERROGATORY NO. 7**

State whether SkyVision manufactures, or owns in whole or in part any entity that manufactures, any device that is covered by the claims of the patents-in-suit. If so, state the total annual revenues generated by the sales of the device, since November 12, 1996. Separately include the percentage of those sales made in Massachusetts or sold, to the best of your knowledge, to customers located in Massachusetts.

**DOCUMENT REQUESTS**

**SPECIAL REQUEST FOR PRODUCTION NO. 1**

All documents you consulted or relied upon in answering these Special Interrogatories.

**SPECIAL REQUEST FOR PRODUCTION NO. 2**

All documents that support your answers to these Special Interrogatories.

Dated:  February 1, 2005    /s/ Craig R. Smith
          Alan D. Smith (BBO# 629,034)
          Craig R. Smith (BBO# 636,723)
          Thomas A. Brown (BBO# 657,715)
          FISH & RICHARDSON P.C.
          225 Franklin Street
          Boston, MA  02110
          (617) 542-5070 Telephone
          (617) 542-8906 Facsimile

          Attorneys for Plaintiffs
          THE GILLETTE COMPANY, BRAUN
          GMBH, and GILLETTE COMMERCIAL
          OPERATIONS NORTH AMERICA

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by email on February 1, 2005.

          /s/ Craig R. Smith
          Craig R. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THE GILLETTE COMPANY, BRAUN
GMBH, and GILLETTE COMMERCIAL
OPERATIONS NORTH AMERICA,

        Plaintiffs,

v.

SKYVISION, INC., DANE ROBINSON, and
WATER PIK TECHNOLOGIES, INC.,

        Defendants.

Civil Action No. 04-CV-12391 NMG

---

## DEFENDANT WATER PIK TECHNOLOGIES, INC.'S RESPONSES TO PLAINTIFFS' SPECIAL JURISDICTIONAL DISCOVERY

---

Defendant Water Pik Technologies, Inc. ("Water Pik"), by and through its undersigned attorneys, Dorsey & Whitney LLP, submits its Responses to Plaintiffs' Special Jurisdictional Discovery as follows:

### GENERAL OBJECTIONS

Water Pik objects generally to each and all of Plaintiffs' Special Jurisdictional Discovery for the following reasons:

    1.    To the extent that any discovery request may be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney-client or the work product privilege, Defendant hereby claims such privilege and objects to such discovery request on that ground.

    2.    To the extent that any discovery request may be construed as calling for information not in the possession of Defendant or obtainable by the ordinary due diligence

4842-3767-75681

required by the Federal Rules of Civil Procedure, Defendant objects to such discovery request on the ground that it is unduly burdensome and oppressive.

3.    To the extent that any discovery request may be construed as calling for information not relevant to the subject matter involved in the pending action or not reasonably calculated to lead to the discovery of admissible evidence, Defendant hereby objects to such discovery request on that ground.

4.    To the extent that any discovery request may be construed as calling for information that is confidential, proprietary or otherwise protected under federal law, Defendant hereby objects to such discovery request on that ground and refuses to produce such information or answer such discovery request unless and until an appropriate protective order has been executed by the parties.

5.    Defendant has made reasonable efforts to respond to Plaintiffs' discovery requests and has not objected to certain discovery requests, interpreting them in such a fashion as to avoid objections when possible and to facilitate the discovery process. If Plaintiff subsequently asserts an interpretation of any discovery request that differs from that of Defendant, Defendant reserves the right to supplement its responses and objections.

6.    The responses set forth below represent Defendant's present knowledge, based upon discovery, investigation, and trial preparation to date. Discovery, investigation, and trial preparation are continuing. Defendant expressly reserves the right to rely upon any further information adduced upon completion of discovery, investigation, and trial preparation.

2

7.      Defendant objects to Plaintiffs' definition of "you" and "your" to the extent that

they include Defendant's attorneys or their agents within those definitions on the grounds that to

such extent the definitions may call for documents or information protected by the attorney-

client and/or work product privilege.

8.      Defendant objects to Plaintiffs' interrogatories to the extent that they ask

Defendant to "identify" documents because the definition of "identify" is overly broad and

unduly burdensome in that it seeks numerous particulars regarding documents that can be

discerned from the documents themselves. Rather than "identify" documents, Defendant will

produce the documents.

9.      Defendant responds to these discovery requests without waiving these General

Objections or any other objections set forth herein.

## INTERROGATORIES

### SPECIAL INTERROGATORY NO. 1

Identify each product you manufacture or distribute under a patent license from

SkyVision or Robinson, or have manufactured or distributed under a license from SkyVision or

Robinson since November 12, 1996. Include the name of each product, identify the patent by

patent office and patent number, and state the nature of the license (e.g., exclusive within a

particular field of use, nonexclusive, etc.).

### OBJECTION:

Water Pik objects to this interrogatory on the grounds that it seeks irrelevant information

not likely to lead to the discovery of admissible evidence. See Red Wing Shoe Company, Inc. v.

3

Hockerson-Hgalberstadt, Inc., 148 F.3d 355 (Fed. Cir. 1998). Subject to and without waiving

the foregoing general and specific objections Water Pik states as follows:

**RESPONSE:**

Water Pik produces the following products pursuant to the 1999 license agreement

previously produced:

- FLA-220: Power Flosser
- FL-110: Power Flosser
- FLW-110: Whitening Power Flosser
- FLW-310: Rechargeable Whitening Power Flosser
- FT-01: Replacement Tips
- FTW-01: Replacement Whitening Tips

## SPECIAL INTERROGATORY NO. 2

State the total revenue derived from the sale of each product identified in your response

to Special Interrogatory No. 1 per year since November 12, 1996. Include the number of units

sold as well as the total revenue. Include data pertaining to sales made in Massachusetts or to

customers located, to the best of your knowledge, in Massachusetts, separately from overall sales

data. If any sales were not reported to SkyVision or Robinson, identify those sales.

**OBJECTION:**

Water Pik objects to this interrogatory on the grounds that it seeks irrelevant information

not likely to lead to the discovery of admissible evidence, is unduly burdensome and seeks

confidential and proprietary information. See Red Wing Shoe Company, Inc. v. Hockerson-

Hgalberstadt, Inc., 148 F.3d 355 (Fed. Cir. 1998).

## SPECIAL INTERROGATORY NO. 3

State the total royalties paid to SkyVision or Robinson for each product identified in your

response to Special Interrogatory No. 1, per year since November 12, 1996. Include data

pertaining to royalties paid to each of SkyVision or Robinson separately. Include data pertaining

to royalties stemming from sales made in Massachusetts or to customers located, to the best of
your knowledge, in Massachusetts separately from overall royalty data.

**OBJECTION:**

Water Pik objects to this interrogatory on the grounds that it seeks irrelevant information
not likely to lead to the discovery of admissible evidence, is unduly burdensome and seeks
confidential and proprietary information. See Red Wing Shoe Company, Inc. v. Hockerson-
Hgalberstadt, Inc., 148 F.3d 1355 (Fed. Cir. 1998).

**SPECIAL INTERROGATORY NO. 4**

For each product identified in your response to Special Interrogatory No. 1, describe
every communication between you and SkyVision or Robinson related to business activities,
including marketing and sales, in Massachusetts related to the identified product since November
12, 1996.

**OBJECTION:**

Water Pik objects to this interrogatory on the grounds that it is vague, ambiguous, over
broad, unduly burdensome and seeks information subject to the attorney-client privilege or the
attorney work-product doctrine. Subject to and without waiving the foregoing specific and
general objections Water Pik states as follows:

Water Pik, SkyVision and Robinson have never communicated regarding business
activities, marketing, or sales of any products specifically within Massachusetts.

**SPECIAL INTERROGATORY NO. 5**

For each product identified in your response to Special Interrogatory No. 1, describe in
detail your business strategies, including marketing and sales strategies, as they relate to
Massachusetts, for all time periods since November 12, 1996.

5

**OBJECTION:**

Water Pik objects to this interrogatory on the grounds that it is vague, ambiguous, over broad, unduly burdensome, seeks irrelevant information not likely to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. See Red Wing Shoe Company, Inc. v. Hockerson-Hgalberstadt, Inc., 148 F.3d 1355 (Fed. Cir. 1998).

**SPECIAL INTERROGATORY NO. 6**

For each product identified in your response to Special Interrogatory no. 1, identify each retail location in Massachusetts where that product is or has been sold since November 12, 1996. Separately include any mail order or Internet retailer who has shipped the identified product to a Massachusetts address since November 12, 1996.

**OBJECTION:**

Water Pik objects to this interrogatory on the grounds that it is vague, ambiguous, over broad, unduly burdensome, seeks irrelevant information not likely to lead to the discovery of admissible evidence, seeks information from parties over whom Defendant has no control or right to control, and seeks confidential and proprietary information. See Red Wing Shoe Company, Inc. v. Hockerson-Hgalberstadt, Inc., 148 F.3d 1355 (Fed. Cir. 1998).

**SPECIAL INTERROGATORY NO. 7**

Identify any interest in any of the patents-in-suit ever held by Teledyne Water Pik, Teledyne Industries, Inc., Water Pik Technologies, Inc., and Water Pik, Inc. Explain how, if at all, the interest was transferred, and to whom the interest was transferred.

**RESPONSE:**

Prior to November 29, 1999, Teledyne Water Pik ("TWP") was an operating division of Teledyne Industries, Inc. ("TII"), a subsidiary of Allegheny Teledyne Incorporated ("ATI"). On November 29, 1999, as part of a spin-off of ATI's Teledyne business units, the assets of TII

6

4842-3767-75681

relating to TWP were transferred to Water Pik Technologies, Inc. ("WPTI") and from WPTI to

Water Pik, Inc. ("WPI"). WPI is the current licensee under the license agreement dated January

15, 1999 with Dane Robinson and Skyvision Inc.

## DOCUMENT REQUESTS

### SPECIAL REQUEST FOR PRODUCTION NO. 1

All documents you consulted or relied upon in answering these Special Interrogatories.

### OBJECTION:

Water Pik objects to this request for production on the grounds that it is vague,

ambiguous, and seeks information protected by the attorney-client privilege or the attorney work

product doctrine.

### SPECIAL REQUEST FOR PRODUCTION NO. 2

All documents that support your answers to the Special Interrogatories.

### OBJECTION:

Water Pik objects to this request for production on the grounds that it is vague,

ambiguous, over broad, unduly burdensome, seeks irrelevant information not likely to lead to the

discovery of admissible evidence, seeks information from parties over whom Defendant has no

control or right to control, and seeks confidential and proprietary information. See Red Wing

Shoe Company, Inc. v. Hockerson-Hgalberstadt, Inc., 148 F.3d 1355 (Fed. Cir. 1998).

### RESPONSE:

Subject to and without waiving the foregoing general and specific objections

Water Pik identifies the following responsive document previously produced:

1.      Patent License Agreement dated January 15, 1999.

7

## CERTIFICATION

I, Richard D. Tipton, hereby certify under penalty of perjury that the foregoing

Responses to Plaintiffs' Special Interrogatories are true and correct to the best of my knowledge,

information, and belief. Dated this 18th day of February, 2005.

Richard D. Tipton
Vice President, General Counsel and
Secretary
Water Pik Technologies, Inc.

As to objections and requests for production:

Tucker K. Trautman
Scott P. Sinor
DORSEY & WHITNEY LLP
370 Seventeenth Street, Suite 4700
Denver, CO 80202

ATTORNEYS FOR DEFENDANT
WATER PIK TECHNOLOGIES,
INC.

8

4842-3767-7568.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of February, 2005, a true and correct copy of the foregoing **DEFENDANT WATER PIK TECHNOLOGIES, INC.'S RESPONSES TO PLAINTIFFS' SPECIAL JURISDICTIONAL DISCOVERY** was served via Facsimile and U.S. Mail on the following:

Alan D. Smith, Esq.
Craig R. Smith, Esq.
Thomas A. Brown, Esq.
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
Fax: 617-542-8906

Thomas J. Sartory, Esq.
Patrick M. Curran, Jr.
Goulston & Storrs
A Professional Corporation
400 Atlantic Avenue
Boston, MA 02110
Fax: 617-574-4112

Dianna Frogge

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THE GILLETTE COMPANY, BRAUN
GMBH, and GILLETTE COMMERCIAL
OPERATIONS NORTH AMERICA,

    Plaintiffs,

v.

SKYVISION, INC., DANE ROBINSON, and
WATER PIK TECHNOLOGIES, INC.,

    Defendants.

CIVIL ACTION NO. 04 12391 NMG

## SKYVISION, INC.'S AND DR. DANE ROBINSON'S RESPONSES TO PLAINTIFFS' SPECIAL JURISDICTIONAL DISCOVERY

SkyVision, Inc. and Dane Robinson (collectively "Defendants"), by and through their undersigned counsel, respond to Plaintiffs' Special Jurisdictional Discovery as follows:

### GENERAL OBJECTIONS

Defendants object generally to each and all of Plaintiffs' Special Jurisdictional Discovery for the following reasons:

1. To the extent that any discovery request may be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney-client or the work product privilege, Defendants hereby claim such privilege and object to such discovery request on that ground.

2. To the extent that any discovery request may be construed as calling for information not in the possession of Defendants or obtainable by the ordinary due diligence

4836-8455-3728l

required by the Federal Rules of Civil Procedure, Defendants object to such discovery request on the ground that it is unduly burdensome and oppressive.

3. To the extent that any discovery request may be construed as calling for information not relevant to the subject matter involved in the pending action or not reasonably calculated to lead to the discovery of admissible evidence, Defendants hereby object to such discovery request on that ground.

4. To the extent that any discovery request may be construed as calling for information that is confidential, proprietary or otherwise protected under federal law, Defendants hereby object to such discovery request on that ground and refuse to produce such information or answer such discovery request unless and until an appropriate protective order has been executed by the parties.

5. Defendants have made reasonable efforts to respond to Plaintiffs' discovery requests and have not objected to certain discovery requests, interpreting them in such a fashion as to avoid objections when possible and to facilitate the discovery process. If Plaintiffs subsequently assert an interpretation of any discovery request that differs from that of Defendants, Defendants reserve the right to supplement their responses and objections.

6. The responses set forth below represent Defendants' present knowledge, based upon discovery, investigation, and trial preparation to date. Discovery, investigation, and trial preparation are continuing. Defendants expressly reserve the right to rely upon any further information adduced upon completion of discovery, investigation, and trial preparation.

2

7.    Defendants object to Plaintiffs' definition of "you" and "your" to the extent that they include Defendants' attorneys or their agents within those definitions on the grounds that to such extent the definitions may call for documents or information protected by the attorney-client and/or work product privilege.

8.    Defendants object to Plaintiffs' interrogatories to the extent that they ask Defendants to "identify" documents because the definition of "identify" is overly broad and unduly burdensome in that it seeks numerous particulars regarding documents that can be discerned from the documents themselves. Rather than "identify" documents, Defendants will produce the documents.

9.    Defendants respond to these discovery requests without waiving these General Objections or any other objections set forth herein.

## INTERROGATORIES

### SPECIAL INTERROGATORY NO. 1

Identify each license of each of the patents-in-suit, whether or not the license remains in effect. Include the full name and address of the licensee, the starting and ending date, if any, of the license and the scope of the license. If the current licensee was not a party to the license agreement, describe the chain of title leading to the licensee's present interest.

### OBJECTION:

Defendants object to this interrogatory on the grounds that it is overly broad and unduly burdensome in that it seeks numerous particulars regarding documents that can be discerned from the documents themselves. Rather than "identify" documents, Defendants will produce the documents.

3

**RESPONSE:**

Subject to and without waiving the foregoing general and specific objections, documents responsive to this request are produced herewith. Defendants understand that subsequent to the execution of the January 15, 1999 license agreement with Teledyne Water Pik, that company was sold and re-named Water Pik, Inc.

**SPECIAL INTERROGATORY NO. 2**

For each license identified in your response to Special Interrogatory No. 1, for each year during which the license was in effect, state the number of units sold, the total sales volume, and the royalty revenue you received. Include data for sales made, to the best of your knowledge, in Massachusetts or to a Massachusetts resident, separately from overall sales. State the royalty revenues both as absolute dollar amounts and as percentages of your total revenue from all sources.

**OBJECTION:**

To the extent that this interrogatory seeks information relating to any product manufactured and/or produced under license by Water Pik, Inc. or any related entity, Defendants object to this interrogatory on the grounds that it seeks irrelevant information not likely to lead to the discovery of admissible evidence, is unduly burdensome and seeks confidential and proprietary information. See Red Wing Shoe Company, Inc. v. Hockerson-Hgalberstadt, Inc., 148 F.3d 355 (Fed. Cir. 1998).

**RESPONSE:**

Braun GmbH and Braun, Inc. were licensees of certain rotational aspects of United States Patent Number 5,573,020 (the "'020 patent") pursuant to a license agreement dated July 10, 1997. Defendants have not received any royalty payments pursuant to that agreement since

4

before 2000. As Plaintiffs Braun GmbH and Braun, Inc. were parties to that agreement, Plaintiffs are currently in possession of all information related to their prior sales and royalties paid pursuant to that license.

## SPECIAL INTERROGATORY NO. 3

For each licensed product identified in your response to Special Interrogatory No. 1, identify any communication related to business activities, including marketing and sales, in Massachusetts related to the identified product since November 12, 1996.

## OBJECTION:

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, seeks information from individuals over whom Defendants have no control or right to control, and seeks information protected by the attorney client privilege or the attorney work product doctrine. Subject to and without waiving the foregoing general and specific objections Defendants respond as follows:

## RESPONSE:

During approximately 1996, Defendants engaged in telephone calls from Arizona with Braun GmbH located in Germany as well as Braun, Inc. purportedly located in Massachusetts relating to the negotiation of a licensing agreement for the '020 Patent. Also, some correspondence was exchanged. Additionally, the parties met in the Dallas/Fort Worth airport to discuss the terms of that licensing agreement. Prior to 2000, Defendants received royalty payments relating to that license agreement. In 2004, Defendants contacted Plaintiffs approximately 5 times via telephone and regarding the possibility of licensing additional technology related to the patents-in-suit.

## SPECIAL INTERROGATORY NO. 4

4836-8455-37281

Identify all agreements and business negotiations between you and a resident of Massachusetts, a business entity whose primary place of business is in Massachusetts, or a business entity that exists by virtue of the laws of the Commonwealth of Massachusetts. Include the names and addresses of the other party or parties to the agreement, the nature of the agreement, the date of the agreement, and the start and end dates, if any, of the agreement. Include oral as well as written agreements.

**OBJECTION:**

Defendants object to this interrogatory on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections Defendants state as follows:

**RESPONSE:**

See response to Special Interrogatory No. 3.

**SPECIAL INTERROGATORY NO. 5**

Identify any civil action in which you were a party or witness, or for which you received a subpoena, since November 12, 1996. Include the court, the names of the parties, and the docket number.

**OBJECTION:**

Defendants object to this interrogatory on the grounds that it is overbroad and seek information not likely to lead to the discovery of admissible evidence. Subject to the foregoing general and specific objections Defendants state they have never been a party, witness or subpoenaed in any proceeding in Massachusetts or related to the patents at issue, other than the instant matter.

**SPECIAL INTERROGATORY NO. 6**

6

Identify each occasion on which you have traveled to Massachusetts since November 12, 1996. State the dates of the trip, including the length of stay, and the purpose of the visit.

**RESPONSE:**

Dr. Dane Robinson traveled to Massachusetts for a 3-day medical conference relating to dental implants being held there between February 27 and March 1, 2003. SkyVision has never sent an employee or owner on its behalf to Massachusetts.

**SPECIAL INTERROGATORY NO. 7**

State whether SkyVision manufactures, or owns in whole or in part any entity that manufactures, any device that is covered by the claims of the patents-in-suit. If so, state the total annual revenues generated by the sales of the device, since November 12, 1996. Separately include the percentage of those sales made in Massachusetts or sold, to the best of your knowledge, to customers located in Massachusetts.

**RESPONSE:**

SkyVision does not now, nor has it ever, commercially manufactured any products. SkyVision does not own any other entity in whole or in part.

**DOCUMENT REQUESTS**

**SPECIAL REQUEST FOR PRODUCTION NO. 1**

All documents you consulted or relied upon in answering these Special Interrogatories.

**OBJECTION:**

Defendants object to this request for production on the grounds that it is vague, ambiguous, and seeks information protected by the attorney-client privilege or the attorney work product doctrine.

7

<u>**SPECIAL REQUEST FOR PRODUCTION NO . 2**</u>

All documents that support your answers to these Special Interrogatories.

<u>**OBJECTION:**</u>

Defendants objects to this request for production on the grounds that it is vague,
ambiguous, over broad, unduly burdensome, seeks irrelevant information not likely to lead to the
discovery of admissible evidence, seeks information from parties over whom Defendants have
no control or right to control, and seeks confidential and proprietary information. <u>See Red Wing
Shoe Company, Inc. v. Hockerson-Halberstadt, Inc.</u>, 148 F.3d 1355 (Fed. Cir. 1998).

<u>**CERTIFICATION**</u>

I hereby certify under penalty of perjury that the foregoing Responses to Plaintiffs'
Special Interrogatories are true and correct to the best of my knowledge, information, and belief.

By: _____

Title: President

Date: February 19, 2005

SkyVision, Inc.

As to objections and requests for production:

_____

Tucker K. Trautman
Scott P. Sinor
DORSEY & WHITNEY LLP
370 Seventeenth Street, Suite 4700
Denver, CO 80202

ATTORNEYS FOR DEFENDANT
WATER PIK, INC.

8

4836-5455-3728.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of February, 2005, a true and

correct copy of the foregoing **SKYVISION, INC.'S AND DR. DANE ROBINSON'S**

**RESPONSES TO PLAINTIFFS' SPECIAL JURISDICTIONAL DISCOVERY** was served

via Facsimile and U.S. Mail on the following:

| | |
|---|---|
| Alan D. Smith, Esq. | Thomas J. Sartory, Esq. |
| Craig R. Smith, Esq. | Patrick M. Curran, Jr. |
| Thomas A. Brown, Esq. | Goulston & Storrs |
| FISH & RICHARDSON P.C. | A Professional Corporation |
| 225 Franklin Street | 400 Atlantic Avenue |
| Boston, MA 02110 | Boston, MA 02110 |
| Fax: 617-542-8906 | Fax: 617-574-4112 |

Dianna Frogge

9