UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THE GILLETTE COMPANY, BRAUN GMBH,
and GILLETTE COMMERCIAL OPERATIONS
NORTH AMERICA,

                    Plaintiffs,

            v.                                              CIVIL ACTION NO. 04 12391 NMG

SKYVISION INC., DANE ROBINSON and
WATER PIK TECHNOLOGIES, INC.,

                    Defendants.

---

## PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY

Plaintiffs The Gillette Company, Braun GMBH, and Gillette Commercial Operations North America (collectively "Gillette") hereby move to compel jurisdictional discovery from Defendants, in the event the Court determines that this information is necessary in resolving Defendants' Motion to Dismiss or Alternatively for Change of Venue (Docket No. 7).

On February 1, 2005, Gillette served two sets of discovery requests on counsel for Defendants: Plaintiffs' Special Jurisdictional Discovery To Defendant Water Pik Technologies, Inc., and Plaintiffs' Special Jurisdictional Discovery To Defendants SkyVision, Inc. and Dane Robinson. Smith Decl. ¶2.[1] These discovery requests included interrogatories and requests for the production of documents relating to jurisdiction. *Id.* Gillette requested that Defendants respond to these requests within 14 days. *Id.*

On February 18, 2005, Defendants served their responses. *Id.* at ¶3. In their responses, Defendants objected to all requests for documents evidencing contacts with the Commonwealth of Massachusetts. *Id.* No responsive documents were produced other than the license agreement between *Gillette* and defendants Dane Robinson and SkyVision, Inc., and a CV for defendant

Dane Robinson. *Id.* Defendants also objected to interrogatories concerning sales in Massachusetts and royalties from those sales. *Id.* Defendants' objections repeat the same boilerplate language – that the requests seek "irrelevant information not likely to lead to the discovery of admissible evidence, is unduly burdensome and seeks confidential and proprietary information." *Id.*, Ex. C. Defendants also rely on *Red Wing Shoe, Inc. v. Hockerson-Hgalberstadt, Inc.*, 148 F.3d 355 (Fed. Cir. 1998), to support their unduly narrow view of discovery. *Id.*

Water Pik's sales and Robinson/SkyVision's royalties are relevant to the jurisdictional inquiry because this data provide further evidence of Robinson and SkyVision's contacts with Massachusetts. *See Akro Corp. v. Luker*, 45 F.3d 1541, 1548-49 (Fed. Cir. 1995) (holding that sending cease-and-desist letters to an in-state entity coupled with licensing the patent to another in-state entity is sufficient to confer personal jurisdiction). There appears to be no dispute that Water Pik sells a substantial amount of licensed products in Massachusetts and that Robinson/SkyVision receive royalties based on those sales. Defendants simply refuse to provide any details on how substantial the sales and royalties are in Massachusetts.

In *Genetic Impant Systems, Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1459 (Fed. Cir. 1997), the Federal Circuit held that an out-of-state defendant (Core-Vent) is subject to personal jurisdiction based on its distributor's (Dentsply) contacts with the state to sell patented products:

> Core-Vent argues nonetheless that it cannot be subject to personal jurisdiction as a result of Dentsply's sales of its products in Washington because Dentsply is not its agent and is not an in-state licensee. We do not agree. Core-Vent's distinction between in-state and out-of-state distributors is not tenable; the fact that Dentsply is not a Washington corporation is not determinative. Dentsply is present in Washington in the sense that it promotes and sells Core-Vent's patented products in the state; thus, it is transacting business "in-state."

Here, Robinson/SkyVision have granted Water Pik a license to sell patented products across the country, including in Massachusetts. Jurisdictional discovery would likely show that

---

[1] This refers to the Declaration of Craig R. Smith In Support Of Plaintiffs' Opposition To Defendants' Motion To Dismiss Or Transfer Venue. Copies of the discovery requests and responses are attached to this declaration.

2

Water Pik has sufficient contacts with Massachusetts to make it, for constitutional purposes, an in-state licensee. As an in-state licensee, Water Pik's contacts with Massachusetts can be attributed to Robinson/SkyVision for the purposes of the personal jurisdiction analysis. Accordingly, Water Pik's sales are relevant.

In *Genetic Implant,* the patentee also had independent contact with the forum state before the license agreement took effect. 123 F.3d at 1458. Robinson and SkyVision are in an analogous situation in that they had contacts with Massachusetts stemming out of the earlier licensing agreement with Gillette.

Finally, Defendants' reliance on *Red Wing Shoe* to limit jurisdictional discovery is misplaced. The distinction between *Red Wing Shoe* and *Genetic Implant* is that, in *Red Wing Shoe*, the contacts of the licensees with the forum state represented a "collateral relation with the forum state" and were not "constitutionally cognizable." *Red Wing Shoe*, 148 F.3d at 1361-62 (*quoting World-Wide Volkswagen*). By contrast, in *Genetic Implant* (and in this case), the licensee had sufficient contacts with the forum state to make it, for constitutional purposes, an in-state licensee. Because Water Pik, like the licensee in *Genetic Implant* (and unlike the licensee in *Red Wing Shoe*) has extensive contacts with Massachusetts, it is an "in-state licensee," and contacts with it can be attributed to Robinson/SkyVision for the purposes of the personal jurisdiction analysis.

In light of Defendants' objections and non-responses, Plaintiffs request either that the Court presume that Defendants have substantial contacts with Massachusetts or compel Defendants to respond to Plaintiffs' jurisdictional discovery.

Dated:  February 28, 2005

 /s/ Craig R. Smith
Alan D. Smith (BBO# 629,034)
Craig R. Smith (BBO# 636,723)
Thomas A. Brown (BBO# 657,715)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110
(617) 542-5070 Telephone
(617) 542-8906 Facsimile
Attorneys for Plaintiffs
THE GILLETTE COMPANY, BRAUN
GMBH, and GILLETTE COMMERCIAL
OPERATIONS NORTH AMERICA

## CERTIFICATE OF CONSULTATION

I hereby certify that I conferred with counsel for Defendants several times to attempt to resolve the issues presented by this motion.  The parties were unable to reach an agreement.

 /s/ Craig R. Smith
Craig R. Smith