IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THE GILLETTE COMPANY, BRAUN
GMBH, and GILLETTE COMMERCIAL
OPERATIONS NORTH AMERICA,

    Plaintiffs,

v.                                      Civil Action No. 04-CV-12391 NMG

SKYVISION, INC., DANE ROBINSON, and
WATER PIK TECHNOLOGIES, INC.,

    Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY

Defendants SkyVision, Inc., Dane Robinson and Water Pik Technologies, Inc. ("Defendants"), by and through their undersigned counsel, submit this Response to Plaintiffs' Motion For Jurisdictional Discovery and as grounds for this Response, state as follows:

### I. INTRODUCTION

This matter arises out of Special Jurisdictional Interrogatories and Request for Production Plaintiffs served on or around February 1, 2005. While it is unclear under which Federal Rule of Procedure Plaintiffs file their motion, to the extent that the motion is brought pursuant to Rule 37, it is deficient. Even if the motion is not brought pursuant to Rule 37, Plaintiffs' motion fails to comply with LR, D. Mass. 37.1 in that it fails to identify with particularity the allegedly deficient discovery response. Notwithstanding this, based on the substance of the motion it appears that Plaintiffs' complaints are confined to Water Pik's refusal to provide competitively sensitive, confidential and proprietary business information and SkyVision and Robinson's refusal to provide royalty information generated by those sales. Accordingly, Defendants will respond to those issues, reserving their right to supplement in the event Plaintiffs claim other deficiencies.

The Court should deny Plaintiffs' Motion because Plaintiffs seek information that is legally irrelevant to the determination of whether the Court has personal jurisdiction over Defendants SkyVision and Robinson. Likewise, the Federal Circuit has held that royalty payments, like those made to SkyVision and Robinson, are irrelevant to the determination of personal jurisdiction over a licensor. Accordingly, because the information sought is irrelevant as a matter of law, the Court should deny Plaintiffs' Motion.

## II.   FACTUAL BACKGROUND

Plaintiffs filed this suit seeking a declaratory judgment relating to certain patents owned by Defendants SkyVision and Robinson and licensed to Defendant Water Pik. In 1999, Robinson and SkyVision licensed several patents to Water Pik. Thereafter, Water Pik utilized the technology taught in those patents to design, manufacture and sell Water Pik products. Water Pik's products are distributed nationally, including within Massachusetts. Neither Robinson nor SkyVision have any control or right to control Water Pik's use of the technology or distribution of Water Pik's products, and the parties have never communicated regarding Water Pik's sale or distribution of Water Pik's products in Massachusetts. In fact, SkyVision has never sent a representative to Massachusetts and Robinson has only visited the state once in his life, to attend a dental conference. Finally, neither Robinson nor SkyVision manufactures, distributes or sells any product.

In response to Plaintiffs' declaratory judgment action, Defendants filed a Motion to Dismiss asserting, among other things, that this Court lacked personal jurisdiction over Defendants Robinson and SkyVision. Thereafter, Plaintiffs' sought appropriate jurisdictional discovery regarding Robinson and SkyVision's contacts with the state of Massachusetts, communications to companies within Massachusetts, and the sale of any products there.

However, Plaintiffs also requested that Water Pik provide total revenue and sales information regarding each product manufactured under the Patents-in-suit, worldwide; the number of units sold; sales and revenue information regarding each product sold in Massachusetts; royalties paid for each sale worldwide; separate royalty data for Massachusetts; a detailed description of business, marketing, and sales strategies as they relate to Massachusetts; the identification of all retail locations where Water Pik's products are sold in Massachusetts; and all documents that were consulted or support Water Pik's responses.

Defendants advised the Plaintiffs that under controlling Federal Circuit law, a licensee's contacts with a state are not attributable to a licensor for purposes of determining personal jurisdiction. The parties discussed this issue, and ultimately Water Pik refused to produce the requested confidential and proprietary business information on the grounds that it was legally irrelevant, overly broad, and unduly burdensome. Defendants then responded fully and completely to each of Plaintiffs' legitimate requests, and objected to those requests that were clearly beyond the scope of discoverable information for this matter. Thereafter, Plaintiffs filed the instant motion.

### III. WATER PIK'S CONFIDENTIAL AND PROPRIETARY BUSINESS INFORMATION IS IRRELEVANT TO A DETERMINATION OF THIS COURT'S JURISDICTION OVER ROBINSON AND SKYVISION.

Plaintiffs' claim that Water Pik's sale of its products within Massachusetts can be attributed to SkyVision or Robinson is erroneous. In Red Wing Shoe Company, Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1361 (Fed. Cir. 1998), the Federal Circuit analyzed the effect an out-of-state licensee that sells products in-state has on the personal jurisdiction analysis relating to the licensor. There, the patentee, HHI, had sent letters to Red Wing in

Minnesota advising it that Red Wing's products likely infringed the patents and offering to enter into licensing negotiations.

After ten months of negotiations through correspondence, Red Wing filed suit against HHI seeking a declaratory judgment of invalidity and non-infringement. Id. at 1357. HHI moved to dismiss the case for lack of personal jurisdiction, and Red Wing responded by establishing that HHI had granted licenses to 34 companies that sold products within Minnesota, at least six of which actually maintained offices or were registered to do business there. Id. at 1357-58. None of the 34 licensees, however, was a citizen of Minnesota. The trial court dismissed the case for lack of personal jurisdiction and Red Wing appealed.

On appeal, the Federal Circuit rejected plaintiff's argument that the actions of a licensee can be attributed to a licensor for personal jurisdiction analysis. Id. at 1361. Specifically, the court held that

> HHI's licensees have extensive contacts with Minnesota, but this additional factor is also insufficient to submit HHI to personal jurisdiction in the state. In simple terms, doing business with a company that does business in Minnesota is not the same as doing business in Minnesota. Indeed as stated above, the Supreme Court has made clear that contacts resulting from "the unilateral activity of another party or third person" are not attributable to the defendant. See Burger King, 471 U.S. at 475 & n.17, 105 S.Ct. 2174. Red Wing's flawed personal jurisdiction theory would subject a defendant to nationwide personal jurisdiction if it decides to do business with a company that does business nationwide.

Id. at 1361 (internal citations to Supreme Court cases after Burger King omitted). Further, the court found that "HHI's receipt of royalty income from its licensees for sales made in Minnesota is equally irrelevant." Red Wing, 148 F.3d at 1361. That was because financial benefits that accrue from a collateral relation to the forum cannot support jurisdiction if they do not stem from a "constitutionally cognizable" contact with that state. Id at 1361-62. Because the court had

already held that a licensee's activities are not a constitutionally cognizable contact for purposes of determining personal jurisdiction over the licensor, the receipt of royalty income was similarly irrelevant. Id.

The Federal Circuit held that it is the activities of the **licensor** which must form the basis for personal jurisdiction. Id. at 1362. In reaching this conclusion, the Red Wing court specifically rejected the plaintiff's claims that Akro Corp. v. Luker, 45 F.3d 1541 (Fed. Cir. 1995) stood for the proposition that a licensee's sales activity is a factor to consider in the personal jurisdiction analysis. Red Wing, 148 F.3d at 1362. The court clarified that in Akro "the fact that the licensee had contacts with the forum state was relevant only to the extent that it showed the licensee to be a resident thereof. What was critical was that **the patentee had contacts with that resident in the forum state**." Id. at 1362 (emphasis added). Thus, it was the **licensor's** activities of doing business with a resident licensee, granting it an exclusive license regarding the particular patent at issue, undertaking ongoing obligations with regard to that in-state licensee and sending cease and desist letters into the state, which conferred jurisdiction. Id. at 1361-62. Thus, as a matter of law, a licensee's contacts with a state are irrelevant for purposes of determining personal jurisdiction over a licensor.

Plaintiffs attempt to distinguish Red Wing, asserting that the court found that "the contacts of the licensees with the forum state represented a 'collateral relation with the forum state' and were not 'constitutionally cognizable.'" Pls. Motion at p. 3. According to Plaintiffs, this statement refers to the quantity and quality of a licensee's contacts, as opposed to whether a licensee's contacts are attributable to a licensor. Further, Plaintiffs claim that other courts have found that a licensee's contact may be so extensive that the court could treat the licensee as an

"in-state licensee," and thereafter attribute the licensee's contacts to the licensor. See Pls. Motion at p.3. Plaintiffs' interpretation of the Red Wing case is flawed.

As an initial matter, the Red Wing Court specifically found that the 34 licensees had "extensive contacts" with the state. Red Wing, 148 F.3d at 1361. Indeed, six of the licensees maintained stores within the state or were registered to do business there. Id. at 1359. Those extensive contacts, however, were irrelevant because the court held that the licensee's contacts cannot be attributed to the licensor. Id. Thereafter, the court held that royalty income paid by a licensee is irrelevant to the determination of personal jurisdiction over the licensor because the licensee's contacts are not a "constitutionally cognizable" contact for the licensor. Id. In other words, in keeping with its prior finding that a licensee's contacts are irrelevant, the court found that royalty payments derived from those contacts are likewise irrelevant for purposes of the licensor's jurisdictional contacts.

Plaintiffs' reliance on Core-Vent is similarly misplaced. In Core-Vent, the court held that the residence of a distributor was not determinative of personal jurisdiction. Genetic Implant Systems, Inc. v. Core-Vent Corp., 123 F.3d 1455, 1459 (Fed. Cir. 1997). There, Core-Vent had contracted with a distributor to distribute Core-Vent's products in-state to an existing customer base initially created through Core-Vent's own direct sale of products in state. Genetic Implant Systems, Inc. v. Core-Vent Corp., 123 F.3d 1455, 1458-59 (Fed. Cir. 1997). Given Core-Vent's substantial sales activities within the state that had created a significant consumer base, and its contract with a distributor to continue and maintain the distribution of Core-Vent's products therein, the court correctly found that Core-Vent's acts were purposefully directed towards the forum state such that personal jurisdiction existed. Id. at 1459.

Here, the undisputed evidence shows that Robinson and SkyVision merely licensed patents to Water Pik. SkyVision does not manufacture, distribute or sell any products. See Robinson and SkyVision Response to Interrogatories at Special Interrogatory No. 7. No Core-Vent style distribution network exits. Furthermore, SkyVision and Robinson neither direct nor control any aspect of Water Pik's marketing in Massachusetts, and neither of them has ever visited Massachusetts in regards to the Patents-in-Suit. See Robinson and SkyVision Responses to Interrogatories at Special Interrogatories 3, 6; Water Pik Responses to Interrogatories at Special Interrogatory No. 4. Indeed, SkyVision has never sent a representative to Massachusetts, and Robinson has only been there once to attend a dental conference. Id. at 6. Furthermore, Water Pik is neither incorporated nor does it have its principal place of business in Massachusetts. Tipton Dec. at ¶ 2.

As a result, this case falls squarely within the four corners of Red Wing. Because Red Wing specifically holds that the licensee's contacts with a forum state are not attributable to a licensor, as a matter of law Water Pik's sales, royalty, and business information are irrelevant to a determination of this Court's personal jurisdiction over Defendants SkyVision and Robinson.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiffs' Motion to Compel Jurisdictional Discovery, and award Defendants their costs and attorneys' fees incurred in defending against Plaintiffs' motion.

Respectfully submitted,

*[signature]*

Thomas J. Sartory (BBO# 442500)
Patrick M. Curran, Jr. (BBO# 659322)
GOULSTON & STORRS, P.C.
400 Atlantic Ave.
Boston, MA 02110
Tel.   617-482-1776
Fax.   617-574-4112

Tucker K. Trautman (admitted *pro hac vice*)
Scott P. Sinor (admitted *pro hac vice*)
DORSEY & WHITNEY, LLP
370 Seventeenth St., Suite 4700
Denver, CO 80202
Tel.   303-629-3400
Fax    303-629-3450

ATTORNEYS FOR DEFENDANTS
SKYVISION INC., DANE
ROBINSON, AND WATER PIK
TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was served by hand upon the attorney of record for each other party on March 14, 2005.

*[signature]*

Patrick M. Curran, Jr.