**United States District Court**
**District of Massachusetts**

```
_____
                               )
GILLETTE COMPANY, GILLETTE     )
COMMERCIAL OPERATIONS NORTH    )
AMERICA and BRAUN GMBH,        )
                               )    Civil Action No.
         Plaintiffs,           )    04-12391-NMG
                               )
     v.                        )
                               )
SKYVISION, INC., DANE ROBINSON )
and WATERPIK TECHNOLOGIES, INC.,)
                               )
         Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In the instant action, Gillette Company, Gillette Commercial
Operations North America and Braun GmbH (collectively "Gillette")
seek a declaratory judgment that their manufacturing activities
do not infringe three patents owned by Dane Robinson ("Robinson")
and/or Skyvision, Inc. and that the subject patents are invalid.
Defendants move to dismiss or, alternatively, to transfer venue
to the District of Colorado, where a patent infringement suit
initiated by defendants is pending.

## I.  Factual Background

In Spring, 2004, plaintiffs began manufacturing mechanical
dental flossing devices.  Robinson determined that the devices

-1-

potentially infringed one or more of his patents and in July, 2004, he contacted Gillette to discuss licensing. The parties offer largely irreconcilable renditions of their negotiations.

Defendants describe the negotiations as amicable and suggest that the filing of a declaratory judgment suit by Gillette was a "low blow in the middle of negotiations". They describe the negotiations as consisting of a series of generally productive telephone conferences during which infringement and licensing issues were discussed. Gillette allegedly provided repeated assurances that it was averse to litigation and that the negotiations were not merely a ploy to stall and gather information. Defendants describe a gradual progression of negotiations, culminating with Gillette providing sales data to defendants on November 10, 2004 as a show of "good faith".

Within two days thereafter, plaintiffs filed suit and, according to defendants, promptly reduced their proposed royalty figure. Defendants contend that suit was filed not because negotiations had broken down but, rather, because Gillette had been negotiating in bad faith in order to develop a non-infringement strategy. Notwithstanding the filing of suit, negotiations allegedly continued until January 14, 2005, at which time defendants filed their patent infringement action in the District of Colorado.

Plaintiffs, conversely, tell a story of negotiations growing

-2-

increasingly "tense" and culminating with the parties reaching an "impasse" just before suit was filed. They emphasize that defendants had informed them that a litigation "budget" had been set up and that defendants had repeatedly raised the specter of a patent infringement suit during telephone conversations. They contend that, on November 10, 2004, the parties had engaged in a teleconference and, for the first time, had failed to schedule the next call. Afterwards, they filed the instant suit allegedly out of a reasonable concern that they were about to be sued.

On November 12, 2004, plaintiffs filed a complaint seeking declaratory judgment of non-infringement and invalidity of U.S. Patent No. 5,573,020, U.S. Patent No. 5,787,908 and U.S. Patent No. 5,944,033. On January 13, 2005, defendants filed suit against the plaintiffs in the District of Colorado alleging patent infringement.

The next day, defendants filed a motion to dismiss this action or, in the alternative, to transfer venue to the District of Colorado. They argue that: 1) the Court lacks subject matter jurisdiction over this action because there was no actual controversy when the case was filed, 2) the court lacks personal jurisdiction over Skyvision and Robinson and 3) in the alternative, the case should be transferred to the District of Colorado pursuant to 28 U.S.C. § 1404. Plaintiffs oppose the motion and have filed a motion to compel jurisdictional discovery

-3-

with respect to the issue of personal jurisdiction.[1]

## II.  **Legal Analysis**

Pursuant to 28 U.S.C. § 1404(a), defendants move to transfer this case to the District of Colorado, where they have filed a patent infringement lawsuit against plaintiffs.  That statutory provision states that:

> [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  While the decision to transfer a case under § 1404 lies within the discretion of the court, there is a presumption in favor of plaintiff's choice of forum and the defendant bears the burden of proving that a transfer is warranted.  Brookfield Machine, Inc. v. Calbrit Design, 929 F. Supp. 491, 501 (D. Mass. 1996); see Nowak v. Tak How Investments, Ltd., 94 F.3d 708, 719 (1st Cir. 1996) ("there is a strong presumption in favor of a plaintiff's forum choice").  Where two identical actions are pending in two federal courts, the first-filed action is generally preferred, even if it is a request for a declaratory judgment.  See GSI Lumonics, Inc. v. Biodiscovery, Inc., 112 F.Supp.2d 99, 105 (D. Mass. 2000).

---

[1]On April 22, 2005, in the Colorado Case, Gillette filed a motion to dismiss or to transfer venue to the District of Massachusetts.  It appears from the docket in that case that a hearing before that Court has been scheduled for August 19, 2005.

Although the general rule favors the forum of the first-filed action, "exceptions ... are not rare, and are made when justice or expediency requires ...". Id. at 105 (citation omitted). The preference for the first-filed action may be overcome where 1) there are special circumstances justifying a transfer or 2) convenience favors the later-filed action. Kleinerman v. Luxtron, Corp., 107 F. Supp.2d 122, 124 (D.Mass. 1998) (where court found in favor of second-filed action due to special circumstances); Veryfine Products, Inc., 124 F. Supp.2d at 22-25 (transfer not warranted by special circumstances or convenience). This Court has held that in patent cases where

> 1) the patentee notifies an alleged infringer of suspected infringement, 2) good faith negotiations ensue and 3) the alleged infringer then files a declaratory judgment action in another forum, a subsequently-filed action by the patentee in the nature of patent infringement filed within a reasonable time after the first action is entitled to some deference and that the "first-filed rule" will not be dispositive.

Kleinerman, 107 F.Supp.2d at 124-25. See also The Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc., 249 F.Supp.2d 12 (D.Mass. 2002)(citing Kleinerman).

In the instant case, the presumption in favor of plaintiffs' chosen forum is eroded by the reasoning in Kleinerman. Although the parties' recitations of the facts are difficult to reconcile, several things are clear: 1) the defendants notified the plaintiffs that infringement was suspected, 2) several months of negotiations ensued and 3) those negotiations continued even

-5-

after the instant suit was filed. Plaintiffs make much of the
fact that the defendant routinely raised the topic of
infringement but that contention is unavailing. As the
defendants point out, if it had become clear that there was no
infringement, negotiations would have ceased. Discussion of
infringement was essential and understandable.

Furthermore, although the defendants did not immediately
file suit in the District of Colorado after suit was filed here,
the delay was apparently attributable to the continuing
negotiations. Settlement of disputes without litigation is to be
encouraged. As such, the Court declines to require, under its
reasoning in Kleinerman, that defendants must always respond to
the filing of a declaratory judgment action by immediately filing
suit and thereby "upping the ante". Accordingly, the preference
in favor of the plaintiffs' chosen forum is uniquely non-
dispositive here.

With respect to the determination of whether to transfer
venue, several factors are pertinent: 1) the plaintiff's choice
of forum, 2) the convenience of the parties, 3) the convenience
of witnesses and location of documents, 4) any connection between
the forum and the issues, 5) the law to be applied and 6) the
state or public interest at stake. Kleinerman, 107 F.Supp.2d at
125. The first factor, i.e. the principle that the plaintiffs'
chosen forum is entitled to deference, has been dealt with at

-6-

length above.

Factors two through six are largely neutral. The witnesses and documents of the plaintiffs are located in Massachusetts and those of the defendants' are located in Colorado. Plaintiff argues that the litigation will concern only its, and not defendants', documents and employees because the issue is whether an infringing product has been produced by them. What plaintiffs overlook, however, is that they have alleged that the patents-in-suit are invalid, thereby putting defendants' design process and documentation at issue as well. Moreover, while Massachusetts has an interest in adjudicating a dispute involving its corporate residents (plaintiffs), so too does Colorado with respect to the defendants. Accordingly, factors of convenience do not tip the balance in favor of either party.

The pivotal issue in this case is judicial economy. It is preferable to consolidate this action with the lawsuit pending in the District of Colorado in order to conserve judicial resources and to eliminate the possibility of inconsistent rulings. Assuming the suits are to be consolidated, the issues can be resolved more expeditiously and economically in the District of Colorado.

Defendants Robinson and Skyvision have raised meritorious arguments that the District of Massachusetts lacks personal jurisdiction over them because their sole connection with the

-7-

Commonwealth is a series of phone calls to plaintiffs' counsel. In response, plaintiffs have filed a motion for jurisdictional discovery. It is undisputed that the District of Colorado would have personal jurisdiction over all of the parties (or at least, more than one of the defendants). As such, it is unnecessary to expend time and resources to resolve an avoidable issue of personal jurisdiction in this Court. Indeed, in the worst case scenario, if this Court were to decline to transfer the case and ultimately determine that it lacks personal jurisdiction over Robinson and Skyvision in Massachusetts, the parties would be required to choose between proceeding without them or transferring venue at a time likely to be more disruptive than now. Judicial economy strongly favors a transfer.

Plaintiffs argue that Robinson and Skyvision are not indispensable parties and that suit could continue without them. Undeniably, however, as the owners of the patents, they have a strong interest in this litigation and final resolution is likely only if they are parties. Thus, for all the above-stated reasons, this case will be transferred to the District of Colorado. The pending motion for jurisdictional discovery will be denied.

The Court declines to consider further defendants' motion to dismiss for lack of subject matter jurisdiction based on no actual controversy at the time of filing. Defendants' motion is

-8-

moot and, furthermore, if it were to prevail, dismissal would be ordered without prejudice to refiling in the District of Colorado or this Court and the same controversy is likely to recur.  See Fed.R.Civ.P. 41(b) (dismissal for lack of jurisdiction is not an adjudication on the merits); Rest. (Second) of Judgments § 20 (dismissal for lack of jurisdiction does not have "bar", or res judicata, effect).

**ORDER**

In accordance with the foregoing, defendant's motion to dismiss or transfer (Docket No. 7) is, insofar as it seeks a transfer of venue to the District of Colorado, **ALLOWED**, and is, in all other respects, **DENIED**.  The Clerk of the Court shall transfer this case to the United States District Court for the District of Colorado.  Plaintiffs' motion for jurisdictional discovery (Docket No. 18) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated July 18 , 2005

-9-